Judge Mills
delivered the Opinion of tho Com-!.
In the year 1814 or 1015, Ashton Garrett, the appellee) loaned to Lewis Sanders 014,000) and to .secure the return thereof, it was agreed (hat the said sum should be divided into two notes of 05000 each, and one of four thousand, and that on each of these, a different set of endorsers should be procured, to whom the notes should bo made payable, and (Ley Were to endorse th'e notes to Garrett. Accordingly, on the note for 04000, (he present appellants became the'endorsers, audit was made payable at the end of sixty days, at which lime Garrett was at liberty io coerce flic restoration of the money, or reloan it.
It was, also, agreed that Sanders should pay to Garrett interest, at the rate of twelve per cent per annum. But this agreement was not expressed in the.note or otherwise written between the parties. At the first, second, and perhaps the third period of sixty days, Sanders paid up the stipulaledlnterest. Garrett surrendered the note which he hold, and took a new new note at each time for sixty days more, on a re-loan of the money.
After tliis, Garrett Expressed his determination to purge the transaction, and refused any further loan for usury, and refused to take more than legal intorest on tho sum originally lent. Accordingly two or three renewals took place at six per cent per annum only, and the forbearance was given and the loan continued at that rate alone.
Sanders at length failed, and Garrett brought suit against him, and pursued him unsuccessfully to insolvency and then brought his action against (he endorsers or assignors to the note, and they, in thendefence, relied ou the usury attending the original loan. But a verdict and judgment having been rendered against them, they have appealed to this court.
After the plaintiff below had given in evidence the into with its assignments, and also, tho record *346 of his suit against Sanders, the defendants moved the court to instruct the jury as in case of a non suit, which instruction the court refused to give and the defendants, now appellants, excepted.
Query — Whether the sheriff’s return on iboji. fa. agaiost the obligor being no 'goods, instead of no estate, will effect die recourse of assignee on Assignor.
Effect of the negligence of the officers of justice in (ho case of assignee against obligor in the suit against 'assignor.
Agreement of the assignor, that obligor imprisoned oil ca. sa. on assignee’s judgment might be discharged, & that assignor should remain as i'ar bound, as if the discharge trashy course of law, cures the obiootioriif available, that.on the return was “no es¿ate foun(i.
*346 We do not perceive any variance or deficiency in the proofs.to support the declaration which could warrant this instruction. The appellee appears to have pursued Saunders, the maker of the note, with that due and reasonable diligence required bylaw, in such cases.
The only defect pointed out'-to us in the argument, is in the return of the sheriff on the fieri facias, against Sanders, on which the sheriff returned that lie found no goods out of which he couid make the debt, or any part thereof, instead of no estate-. It is, therefore, insisted that Sanders, from any thing apparent in this return, might have had a sufficiency of real estate. This is an error in the officer over which the appellee had no control, and it is not yet definitively settled, by any decisions within our‘recollection, how far the acts and errors of the officers of justice ought to go in destroying, the recourse of the assignee against the assignor.
It would seem reasonable that the negligence of the officer should be so great, as to present a clear case of recourse against him for the debt.
‘But we need not settle ibis question: for immediately after the return of the fieri facias, Garrett issued bis capias ad satisfaciendum, on which the body of Sanders was taken and committed to prison. This would no doubt have secured the surrender of the real estafe, if any he had, before his release. But the appellants themselves ’havegiven the'strongest evidence that there was no such estate of any kind, which the ca. sa. could draw from Sanders. For in about six weeks or loss after the arrest of Sanders, the appellants signed a.writing consenting to his release, and agreeing to waive- all advantage to themselves which might result fro|& his confinement, and to remain as much bound its his endorsers, as they would have boon if Sanders had been discharged by due course, of law. This we conceive furnishes prima fade evidence, as strong as the return of the officer could be, that Sanders had no *347 estate out of which the money could be made,- ami imposed upon the defendants the necessity of shewing that lie had available, estate, out of which the debt could have been satisfied.
Statute* ou u3ury-
If (he original transaction So remaiiis^ however the demand may ^® different"* securities wriiten and Parol~-
__But ¡f tJie usury tyj <leducted and y1™65 are valid
Bibb ami Haggin for appellant: Ffickliffe and frit’ penden for appellee.
The remaining question in the cause arises out of the refusal of the court below, to instruct the jury that the usury reserved in the original loan destroyed the plaintiff’s right of recovery, the court being of opinion that the original transaction-might be, and was in fact, purged of the usury, and of course that the plaintiff below had a right to recover.
The date of tiiis transaction was previous to tiie statute which makes such debts recoverable with lega\ interest deducting the'usury only, and at a time when the act of Assembly declared ail loans'and contracts on which a greater interest than six per cent was reserved to be literally void, and of course the decision on this case must conform to that act.
It will bo readily conceded as formerly, held by this court, that the apt went to the original contract, and that however .the contract might be divided into different securities, part written and part verbal, still the ‘whole would be void, and no doubt can be entertained that the first loan of this money, in which twelve per centum per annum was reserved by parol, could not have been coerced in a court of law.
But it seems agreed among all the authorities, that a usurious transaction may bo cleansed of the usury, and a new contract, can bo made free from usury, which will be legal and valid. It then only remains to ascertain, whether the cleansing here applied, is a sufficient one. We concur with the court below, that it is. We view the two or three last loans and renewals at the rate of legal interest only, as so many new loans, and new contracts, binding Sanders to restore only the sum actually received by him, with legal interest, atul such as admits not of the defence of the. plea of usury, whatever claims Saunders may. have upon Garrett for sums on former loans paid for usury.
The judgment must, therefore, be affirmed with damages and costs.